AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| KOLJO NIKOLOVSKI | Case Number: 1:11CR8-01 |
| | USM Number: 56676-060 |
| | Javier Armengau |
| | Defendant's Attorney |

**Date of Original Judgment:** 5/11/2012
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☑ Modification of Restitution Order (18 U.S.C. § 3664) joint & several information on page 6

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  7 through 14, and 16 through 25 of the Superseding Indictment.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1344 | Bank fraud | 08/2009 | 7,9-12,16-20 |
| 18 U.S.C. § 215 | Bank bribery | 05/2005 | 8, 13, 14 |
| 18 U.S.C. § 1957 | Money laundering | 08/31/2009 | 21-25 |

☐ See additional count(s) on page 2

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 11, 2012
Date of Imposition of Judgment

s/ Christopher A. Boyko
Signature of Judge

CHRISTOPHER A. BOYKO, United States District Judge
Name of Judge / Title of Judge

June 25, 2012
Date

DEFENDANT: KOLJO NIKOLOVSKI
CASE NUMBER: 1:11CR8-01

Judgment Page: 2 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Two Hundred Sixteen (216) months.  (120 months on Counts 7-14, 16-20 and 96 months on Counts 21-25 to run consecutive to the 120 months, for total term of 216 months.)

☒ The court makes the following recommendations to the Bureau of Prisons:

The defendant shall receive credit for time served in Federal custody.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before    on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KOLJO NIKOLOVSKI
CASE NUMBER: 1:11CR8-01

Judgment Page: 3 of 8

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
   Three (3) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or the probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall comply with the Northern District of Ohio Offender Employment Policy which may include participation in training, education, counseling and/or daily job search as directed by the pretrial services and probation officer. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be directed to perform up to 20 hours of community service per week until employed, as approved or directed by the pretrial services and probation officer.

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

"Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them."

Dated:_____     _____     _____
                                                    Defendant                                      U.S. Probation Officer

DEFENDANT: KOLJO NIKOLOVSKI
CASE NUMBER: 1:11CR8-01

Judgment Page: 4 of 8

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall pay restitution in the amount of $5,881.250.00 to St. Paul Croatian Federal Credit Union, c/o National Credit Union Administration, through the Clerk of the U.S. District Court. Restitution is due and payable immediately. The defendant shall pay 25% of defendant's gross income per month through the Bureau of Prisons Inmate Financial Responsibility Program. If a restitution balance remains upon release from imprisonment, payment to commence no later than 60 days following release from imprisonment to a term of supervised release at a minimum rate of 10% of the defendant's gross monthly income.

Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before and after the date of this Judgment.

The defendant shall submit his/her person, residence, place of business, computer, or vehicle to a warrantless search, conducted and controlled by the U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

The defendant shall participate in an outpatient mental health treatment program as directed by the probation officer.

The defendant shall comply with the Northern District of Ohio Offender Employment Policy which may include participation in training, education, counseling, and/or daily job search as directed by the pretrial services and probation officer. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be directed to perform up to 20 hours of community service per week until employed, as approved or directed by the pretrial services and probation officer.

The defendant shall not participate in any form of legal or illegal gambling, which also includes the internet and lottery. The defendant shall not frequent any gambling establishments or associate with any individuals involved in gambling.

The defendant shall have limited personal and/or telephone contact with co-defendant Rose Nikolovski while under the supervision of the U.S. Pretrial and Probation Office and while in custody of the Bureau of Prisons.

The defendant shall comply with the terms of Forfeiture outlined in plea agreement and set forth in detail herein.

DEFENDANT: KOLJO NIKOLOVSKI
CASE NUMBER: 1:11CR8-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 1,800.00 | $ 0.00 | $ 5,881,250.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgement in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| St. Paul Croatian Federal Credit Union c/o National Credit Union Administration 4807 Spicewood Springs, Ste. 5100, Austin, TX 78759 | | $5,881,250.00 | |
| **TOTALS** | $0.00 | $5,881,250.00 | |

☐ See page 5A for additional criminal monetary conditions.

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KOLJO NIKOLOVSKI
CASE NUMBER: 1:11CR8-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
    ☑ A special assessment of $ 1,800.00 is due in full immediately as to count(s) 7-14, 16-20 and 21-25.
    PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT.

    ☐ After the defendant is released from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the restitution. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Restitution ordered joint and several with co-defendants Rose Ann Nikolovski; Anthony Raguz; John Cendol, Jr.; Ruth Cendol; Daniel Kocher; Marko Nikoli; Edward Watral; and Jennifer Cerjan in case # 1:11CR8, Northern District of Ohio.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See attachment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: KOLJO NIKOLOVSKI
CASE NUMBER: 1:11CR8-01

Judgment Page: 7 of 8

## ADDITIONAL FORFEITED PROPERTY

The following properties are forfeited to the United States:

Approximately $767,542.00 presently located in the foreign exchange savings account maintained by Koljo Nikolovski at Komercijalna Banka AD, Skopje, Republic of Macedonia.

Approximately $23,969.00 presently located in the VISA GOLD Classic credit card account maintained by Koljo Nikolovski at Komercijalna Banka AD, Skopje, Republic of Macedonia.

Approximately $52,500.00 presently located in the foreign exchange deposit account maintained by Koljo Nikolovski at Komercijalna Banka AD, Skopje, Republic of Macedonia.

Approximately $6,752.00 presently located in Koljo Nikolovski's account at Capital Bank AD, Skopje, Republic of Macedonia.

2003 BMW 745IL, VIN: WBAGN634X3DS43813, Ohio plate DWB1018 (approximate value: $12,800.00)

This page intentionally left blank.